UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY FOX,
                           Plaintiff,

                                                          9:05-CV-1292
v.                                                        (GTS/GJD)

WILLIAM BROWN, Superintendent,
Eastern Correctional Facility; *et al*.

                           Defendants.
_____

APPEARANCES:                                OF COUNSEL:

ANTHONY FOX, 03-A-1880
   Plaintiff, *Pro Se*
Gouverneur Correctional Facility
P.O. Box 480
Gouverneur, NY 13642

HON. ANDREW M. CUOMO                        GERALD J. ROCK, ESQ.
   Attorney General for the State of New York   Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, NY 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this *pro se* prisoner civil rights action are Defendants'

motion for summary judgment (Dkt. No. 46), Plaintiff's cross-motion for summary judgment

(Dkt. No. 52), and United States Magistrate Judge Gustave J. DiBianco's Report-

Recommendation recommending that Defendants' motion be granted and Plaintiff's cross-

motion be denied.  (Dkt. No. 56.)  Plaintiff has filed Objections to the Report-Recommendation.

(Dkt. No. 58.)  For the reasons set forth below, the Report-Recommendation is accepted and

adopted in its entirety, Defendants' motion for summary judgment is granted, and Plaintiff's

cross-motion for summary judgment is denied.

## I.     RELEVANT BACKGROUND

On October 12, 2005, Plaintiff filed this action against six (6) individuals employed by the New York State Department of Correctional Services at Eastern Correctional Facility.  (Dkt. No. 1.)  On February 21, 2007, Senior United States District Judge Lawrence E. Kahn adopted a Report-Recommendation by Magistrate Judge DiBianco that dismissed several of Plaintiff's claims against certain Defendants pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 23.)  As a result, currently remaining before the Court for consideration are (1) Plaintiff's Eighth Amendment claim for inadequate medical care against Defendants Milicevic and Bhavsar, (2) Plaintiff's claim against Defendants Lucas and Milicevic for conspiring to deny Plaintiff medical care, (3) Plaintiff's First Amendment claim against Lucas for retaliation, and (4) Plaintiff's motion for sanctions.

On February 23, 2007, Defendants filed their Answer to Plaintiff's Complaint.  (Dkt. No. 26.)  On April 30, 2008, Defendants filed a motion for summary judgment.  (Dkt. No. 46.)  Generally, Defendants' motion is premised on the following four grounds: (1) Plaintiff failed to allege facts plausibly suggesting that he suffered from a serious medical need; (2) Plaintiff's conspiracy claim is barred by the intracorporate conspiracy doctrine, and/or lacks support by the admissible record evidence; (3) Plaintiff's retaliation claim against Defendant Lucas fails to state a claim upon which relief may be granted; and (4) Defendants are entitled to qualified immunity as a matter of law.  (Dkt. No. 46.)  On July 8, 2008, Plaintiff filed a cross-motion for summary judgment.  (Dkt. No. 52.)

On March 9, 2009, Magistrate Judge DiBianco issued a Report-Recommendation

recommending that Defendants' motion be granted and Plaintiff's cross-motion be denied.  (Dkt. No. 56.)  Generally, Magistrate Judge DiBianco offered four grounds for his recommendation: (1) Plaintiff's skin conditions did not constitute a serious medical need that required emergency treatment; (2) Plaintiff's conspiracy claim cannot survive summary judgment when the underlying Eighth Amendment claim does not survive summary judgment; (3) transferring Plaintiff to a double cell at Five Points Correctional Facility did not amount to adverse action for purposes of a retaliation claim, and, in any event, Defendant Lucas was not involved in the transfer; and (4) Plaintiff's motion for sanctions is moot in light of the recommendation to grant Defendants' motion for summary judgment.  (*Id*.)  Familiarity with the grounds of the Report-Recommendation is assumed in this Decision and Order.

On April 2, 2009, Plaintiff filed his Objections to the Report-Recommendation.  (Dkt. No. 58.)

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review on Objection from Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[1]

When only general objections are made to a magistrate judge's report-recommendation, the Court

---

[1]      On *de novo* review, "[t]he judge may . . . receive further evidence . . . ."  28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], aff'd without opinion, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**B.      Standard Governing Motion for Summary Judgment**

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  However,

---

[2]      *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec.12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

when the moving party has met this initial responsibility, the nonmoving party must come

forward with "specific facts showing a genuine issue [of material fact] for trial."  Fed. R. Civ. P.

56(e)(2).

A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury

could return a verdict for the novmoving party."  *Anderson*, 477 U.S. at 248.  As a result,

"[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine

issue of fact."  *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]; *see

also* Fed. R. Civ. P. 56(e)(2).  As the Supreme Court has famously explained, "[The nonmoving

party] must do more than simply show that there is some metaphysical doubt as to the material

facts." [citations omitted].  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S.

574, 585-86 (1986).

As for the materiality requirement, a dispute of fact is "material" if it "might affect the

outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248.  "Factual disputes that

are irrelevant or unnecessary will not be counted."  *Id.* [citation omitted].

Implied in the above-stated burden-shifting standard is the fact that, where a nonmoving

party fails to adequately respond to a motion for summary judgment, a district court has no duty

to perform an independent review of the record to find proof of a factual dispute–even if that

nonmoving party is proceeding *pro se*.[3]  (This is because the Court extends special solicitude to

---

[3]        *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) [citations
omitted]; *accord*, *Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14,
2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004)
(Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S.
Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for
summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe,
M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-
372 (N.D.N.Y. 2003) (Hurd, J.).

the *pro se* litigant, in part by ensuring that he or she has received notice of the consequences of

failing to properly respond to the motion for summary judgment.)[4]  As has often been recognized

by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's

procedural rules.[5]  For this reason, this Court has often enforced Local Rule 7.1(a)(3) by

deeming facts set forth in a moving party's statement to have been admitted where the

---

[4]        *Krug v. County of Rennselaer*, 04-CV-0640, 2006 WL 2669122, at *3 (N.D.N.Y. Sept. 18, 2006) (McAvoy, J.) ("When dealing with a *pro se* party, certain procedural rules apply so as to insure that the *pro se* litigant in not disadvantaged by the lack of legal training.  In this regard, the Local Rules require that [a *pro se* party be informed of the consequences of failing to respond to a motion for summary judgment, before those consequences may be imposed]."); *see also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) ("This Court has also held that summary judgment should not be entered by default against a *pro se* plaintiff who has not been given any notice that failure to respond will be deemed a default.") [citations omitted].

[5]        *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) ("Nor does the Constitution require judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel as a matter of course."); *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law [even when that strict adherence inures to the detriment of a *pro se* litigant].");  *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . .  not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[P]*ro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law.") [citation omitted]; *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("Although *pro se* litigants should be afforded latitude, . . . they generally are required to inform themselves regarding procedural rules and to comply with them . . . .  This is especially true in civil litigation.") [internal quotation marks and citations omitted]; *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a *pro se* litigant] does not exempt [the *pro se*] party from compliance with relevant rules of procedural and substantive law.") [internal quotation marks and citations omitted].

nonmoving party has failed to properly respond to that statement[6]–even where the nonmoving

party was proceeding *pro se* in a civil rights case.[7]

## III.   ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge

DiBianco's Report-Recommendation, and Plaintiff's Objections thereto, the Court rejects each

of Plaintiff's Objections, and agrees with each of the conclusions stated in the Report-

Recommendation.  Magistrate Judge DiBianco employed the proper legal standards, accurately

recited the undisputed material facts, and reasonably applied the law to those facts.  (*See*

*generally* Dkt. No. 56.)  For example, Magistrate Judge DiBianco correctly determined that

Plaintiff has not demonstrated that his skin condition constitutes a sufficiently serious medical

need, or that Defendants were deliberately indifferent to that need.  (*Id.*)  In addition, Magistrate

---

[6]       Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises.  N.D.N.Y. L. R. 7.1(a)(3).

[7]       *See, e.g., Hassig v. N.Y.S. Dep't of Environmental Conservation*, 01-CV-0284, Decision and Order, at 7 (N.D.N.Y. filed March 4, 2004) (McAvoy, J.), *aff'd*, No. 04-1773, 2005 WL 290210 (2d Cir. Feb. 2, 2005); *Lee*, 2004 U.S. Dist. LEXIS 20746, at *12-13, 15, *aff'd*, No. 04-1921, 2004 U.S. App. LEXIS 21432; *Harvey v. Morabito*, 99-CV-1913, 2003 WL 21402561, at *1, 3-4 (N.D.N.Y. June 17, 2003) (Sharpe, M.J.), *adopted by* 99-CV-1913, Order, at 2-3 (N.D.N.Y. filed Jan. 15, 2004) (Munson, J.), *aff'd*, No. 04-1008, 115 F. App'x 521 (2d Cir. Dec. 23, 2004); *Krug*, 2006 WL 2669122, at *2-3; *Fox*, 2006 U.S. Dist. LEXIS 9147, at *2-3; *Singleton v. Caron*, 03-CV-0455, 2005 WL 2179402, at *3-4 (N.D.N.Y. Sept. 5, 2005) (Peebles, M.J.), *adopted by* 03-CV-0455, 2006 WL 2023000, at *3 (N.D.N.Y. July 18, 2006) (Sharpe, J.); *Govan*, 289 F. Supp.2d at 295; *Butler v. Weissman*, 00-CV-1240, 2002 WL 31309347, at *3 (N.D.N.Y. June 20, 2002) (Sharpe, M.J.), *adopted by* 00-CV-1240, Decision and Order, at 1-2 (N.D.N.Y. filed July 22, 2002) (Kahn, J.); *DeMar v. Car-Freshner Corp.*, 49 F. Supp.2d 84, 86 & n.1 (N.D.N.Y. 1999) (McAvoy, C.J.); *Costello v. Norton*, 96-CV-1634, 1998 WL 743710, at *1, n.2 (N.D.N.Y. Oct. 21, 1998) (McAvoy, C.J.); *Squair v. O'Brien & Gere Eng'rs, Inc.*, 96-CV-1812, 1998 WL 566773, at *1, n.2 (N.D.N.Y. Aug. 21, 1998) (Scullin, J.); *see also Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing, in *pro se* civil rights case, district courts' discretion to adopt local rules like 7.1[a][3] "to carry out the conduct of its business").

Judge DiBianco correctly determined that, because Plaintiff's Eighth Amendment claim cannot survive summary judgment, Plaintiff's conspiracy claim that Defendants Lucas and Milicevic conspired to violate his Eighth Amendment rights cannot survive summary judgment.  (*Id.*)

In his Objections to the Report-Recommendation, Plaintiff essentially asserts the following eight arguments: (1) Defendants have not offered evidence that disputes the fact that Plaintiff's skin condition exists and has not been properly treated; (2) the fact that treatment for Plaintiff's skin condition has been ineffective for over four years constitutes deliberate indifference to a serious medical need; (3) Plaintiff's medical records create an issues of fact as to whether his skin condition constitutes a serious medical need; (4) a question of fact exists as to whether Plaintiff's transfer to a new correctional facility interfered with a serious medical need; (5) a question of fact exists as to whether Plaintiff's torn muscle in his right thigh constitutes a serious medical need; (6) because the Eighth Amendment claim should not have been dismissed, the conspiracy claim should not have been dismissed; (7)  Plaintiff's transfer was done in retaliation, as evidenced by the fact that there was no other justifiable reason for the transfer; and (8) Defendant Lucas was in a position to determine where Plaintiff would be housed.

In response to Plaintiff's Objections, the Court finds that only six points need mentioning.  First, there is no dispute over whether Plaintiff had a skin condition during the relevant time period–the issues are whether the condition constitutes a serious medical need and whether Defendants were deliberately indifferent to that need.

Second, the Court finds, for the same reasons offered by Magistrate Judge DiBianco, that Plaintiff's skin condition did not constitute a serious medical need, and that, even if it did,

Defendants were not deliberately indifferent to that need.[8]  The Court notes that the record evidence rather clearly shows the following facts: (1) he received frequent treatment for medical issues that he raised at Eastern Correctional Facility; (2) these issues did not always involve complaints about a skin condition; (3) during a sick call visit that Plaintiff requested for seasonal allergies, Plaintiff tried to speak to Dr. Bhavsar about his skin condition; (4) when he was advised he would have to make a separate sick call request regarding his skin condition, Plaintiff waited three days to do so; and (5) after finally submitting two sick call requests regarding his skin condition on July 24 and 27, 2005, Plaintiff saw Dr. Bhavsar on July 27, 2005, but complained to him about an unrelated boil on his neck (instead of his skin condition).

Third, even assuming that a prison transfer could amount to interference with a serious medical need,[9] as previously stated, Plaintiff has failed to offer admissible record evidence that he suffered from a serious medical need.

Fourth, as Magistrate Judge DiBianco pointed out, Plaintiff's only request regarding his torn muscle was that he be provided with "OTC"–i.e., over-the-counter pain medication. Plaintiff has not adduced admissible record evidence establishing that his torn muscle constituted a serious medical condition.  In addition, and more importantly, given that pain medication is ordered based on a medical judgment, a medical decision not to order pain medication (while it

---

[8]        *See also Fox v. Poole*, 06-CV-0148, 2008 U.S. Dist. LEXIS 33833, at *45-46 (W.D.N.Y. Apr. 24, 2008), *reconsideration denied*, 2008 U.S. Dist. LEXIS 61886 (W.D.N.Y. Aug. 12, 2008) (holding that Plaintiff Fox's skin rash was not a "serious condition" and that, in any event, because Plaintiff was treated for the condition, there was no deliberate indifference).

[9]        "'[I]t is well settled that an inmate has no right to select the correctional facility in which he or she is housed' and the Commissioner of Correctional Services retains broad discretion to coordinate inmate transfers."  *Lugo v. Goord*, 49 A.D.3d 1114, 1115 (N.Y. App. Div., 3rd Dept. 2008).

might give rise to negligence) cannot give rise to the sort of criminal recklessness necessary for there to be *deliberate indifference* to a serious medical need.  *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("[T]he question of whether . . . [a] form[] of treatment is indicated is a classic example of a matter for medical judgment.  A medical decision not to order . . .  like measures[ ] does not represent cruel and unusual punishment.  At most it is medical malpractice").[10]

Fifth, as Magistrate Judge DiBianco held, because Plaintiff's Eighth Amendment claims against Defendants Milicevic and Bhavsar do not survive summary judgment, his conspiracy claims must therefore be dismissed.[11]

---

[10]     *See also Sereika v. Patel*, 411 F. Supp.2d 397, 407-08 (S.D.N.Y. 2006) (plaintiff's "allegations that he was not prescribed pain medication, that he was not referred to a specialist, that he was examined by physician assistants rather than a doctor, and that he was improperly diagnosed and treated do not state a claim for deliberate indifference, as mere disagreement in treatment [does] not amount to an Eighth Amendment violation."); *Veloz v. New York*, 339 F. Supp.2d 505, 525 (S.D.N.Y. 2004) (a prisoner's "disagreement with his medical providers' decision not to prescribe stronger pain medication" does not implicate the Eighth Amendment because "[w]hile prisoners have a right to medical care, they do not have a right to chose a specific type of treatment."); *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp.2d 303, 312 (S.D.N.Y. 2001) (prisoner's "disagreements over medications . . .  [or] forms of treatment . . . are not adequate grounds for a section 1983 claim.  These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment."); *Grant v. Burroughs*, 96-CV-2753, 2000 WL 1277592, at *5 (S.D.N.Y. Sept. 8, 2000) (prisoner denied pain medication does not have a constitutional right to treatment of his choice); *Wandell v. Koenigsmann*, 99-CV-8652, 2000 WL 1036030, at *5 (S.D.N.Y. July 27, 2000) (differences in opinion between a doctor and a prisoner over the appropriate medication to be prescribed is simply a disagreement over a treatment plan, and does not implicate the Eighth Amendment); *LaBounty v. Coombe*, 95-CV-2617, 1996 WL 684168, at *8 (S.D.N.Y. Nov. 26, 1996) (allegation that pain medication is ineffective "amount[s] to a difference in opinion about medical treatment and do[es] not state a claim for deliberate indifference to a serious medical condition").

[11]     Because the Court has already found sufficient reason to adopt Magistrate Judge DiBianco's Report-Recommendation, the Court need not, and does not, decide whether the intracorporate conspiracy doctrine applies in this case.  The Court will only note that in other prisoner civil rights cases, it has taken the position that "the intracorporate conspiracy doctrine does apply to cases in which the entity is the State[,]" unless "the doctrine's 'scope of employment' exception [applies], which exists 'when individuals pursue personal interests wholly separate and apart from the entity.'" *Vega v. Artus*, 04-CV-0750, 2009 WL 838124, at *11 & n.21 (N.D.N.Y. Mar. 26, 2009) (Suddaby, J.) (citation omitted).

Sixth, Plaintiff has offered no admissible record evidence (only a conclusory statement) that Defendant Lucas was in a position to determine where Plaintiff would be housed.  In addition, Plaintiff failed to address, in his Objections, Magistrate Judge DiBianco's conclusion that Plaintiff's transfer does not amount to adverse action for purposes of the First Amendment. As a result, and for the same reasons stated by Magistrate Judge DiBianco in his Report-Recommendation, the Court concludes that Plaintiff's transfer does not give rise to an actionable claim for retaliation.

For all of these reasons, the Court accepts and adopts Magistrate Judge DiBianco's Report-Recommendation in its entirety, and grants Defendants' motion for summary judgment. In addition, the Court denies Plaintiff's cross-motion for summary judgment as moot and as without merit.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge DiBianco's Report-Recommendation (Dkt. No. 56) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 46) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's cross-motion for summary judgment is **DENIED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety; and it is further

**ORDERED** that the Clerk shall enter judgment accordingly and close the file.

Dated: May 6, 2009
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge